## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHARON M. CARPENTER,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **vs.** | )   **No. 05-CV-652-FHM** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## OPINION AND ORDER

Plaintiff sought review in this court of the Commissioner's denial of social security disability benefits. [Dkt. 2].  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties consented to proceed before the undersigned United States Magistrate Judge. [Dkt. 12].  On December 12, 2006, this Court affirmed the decision of the Commissioner and entered Judgment for Defendant. [Dkts. 23, 24].  On February 8, 2007, Plaintiff appealed the Court's Order to the Tenth Circuit Court of Appeals. [Dkt. 25].  The Tenth Circuit reversed and remanded the decision on August 25, 2008, *Carpenter v. Astrue*, 537 F.3d 1264 (10th Cir. 2008).  Pursuant to the mandate issued by the Tenth Circuit on October 17, 2008 [Dkt. 31], this Court ordered remand of the decision to the Commissioner and entered Judgment for Plaintiff on October 21, 2008. [Dkt. 32, 33].  Plaintiff now seeks an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). [Dkts. 34, 38].  The Commissioner objects to Plaintiff's motion on the grounds that the amount of fees requested are excessive. [Dkt. 35].

The EAJA provides for award of fees and expenses to the prevailing party in a civil action against the federal government unless the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).  The Commissioner does not contend that its position was substantially justified.  Nor does he oppose a fee award or the hourly rate of fees sought.  He challenges the amount requested by counsel for Plaintiff.  Specifically, the Commissioner contends that counsel's request for 47.50 hours spent on research and writing of the appellate brief should be reduced because they exceed the number of hours counsel spent on the district court brief and because three of the four points of error raised in the district court brief were merely repeated in the appellate brief. Counsel defends the number of hours he spent on the appellate briefs and points out that he voluntarily reduced by ten percent the amount of fees he is requesting from the amount he would be entitled to if he were compensated for all the hours he actually expended.

Only "reasonable attorney fees" may be awarded under the EAJA. 28 U.S.C.§ 2412(d)(2)(A).  The Court is required to examine the request to determine whether the fees requested are reasonable.  Plaintiff bears the burden of proving that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The Court has reviewed the time records submitted and finds they reflect a reasonable number of hours for counsel to have devoted to this case both at the district court level, where Plaintiff was unsuccessful, and at the appellate level, where Plaintiff prevailed.

Plaintiff's Motion for Award of Attorney Fees Pursuant to the EAJA [Dkt. 34] is GRANTED.  Plaintiff is awarded attorney fees in the amount of $13, 538.43.  Pursuant to

the Commissioner's usual practice, the check should be made payable to Plaintiff and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254-55 (10th Cir. 2007)(the award of EAJA attorney's fees is to claimant and not to the attorney). If attorney fees are also awarded under 42 U.S.C. § 406(b)(1) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 6th day of March, 2009.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE